UNITED STATES BANKRUPTCY COURT                    **FOR PUBLICATION**
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In re

      TINA M. PANEPINTO                                  Case No. 12-11230 K
                       Debtor
-------------------------------------------------------------------


CORRECTED
OPINION AND ORDER


      The question before the Court can be stated in simple terms, but the answer seems

to be a matter of first impression under New York fraudulent transfer law,[1] and requires an

analysis that is not simple.  The answer, however, is clear.

      The question is this:

      If someone who is insolvent, or is being sued, owns a wholly-exempt homestead

free-and-clear, and (without consideration) transfers half ownership to someone else (in this case

her husband), could any existing creditor sustain an action to set that transfer aside as a fraudulent

conveyance under state law?  (It is important to note that the many cases that address transfers of

exempt property under 11 U.S.C. §§ 547 and 548 are of no application here because the transfer

occurred four years before this Chapter 13 filing.[2])  If the transfer is avoided under 11 U.S.C. §

---

[1] The question has been addressed elsewhere, and has led one commentator, discussed below, to conclude that in states that adopted the Uniform Fraudulent Transfers Act "a transfer of exemptible property cannot be fraudulent." New York, however, left the prior law in place, and its homestead exemption is different from that of many other states. Consequently, a careful analysis must be undertaken.

[2] Were this a § 547 or § 548 case, the U.S. Supreme Court case of *Begier v. IRS*, 496 U.S. 53 and its progeny (e.g. see *Bear Stearns Securities Corp. v. Gredd*, 275 B.R. 190 (Bankr. S.D.N.Y. 2002)) would be implicated.  Those cases dealt with the so-called "no harm, no-foul" or "diminution of the [bankruptcy] estate" notions.  Neither § 547 nor § 548 "look back" more than two years before the filing of the bankruptcy petition.  Their focus is upon a "slide into bankruptcy" and, so, they look at the impact of pre-petition transfers upon the eventual bankruptcy estate. 11 U.S.C. § 544 is different.

544, it will be preserved under § 551, and not exemptible because of 11 U.S.C. § 522(g).

The answer in New York is "Yes.  It may be set aside."

In almost all other states it seems that there can be no such thing as a "fraudulent transfer" of wholly-exempt property.  (See 37 Am. Jur. 2d, Fraudulent Conveyances and Transfers, § 87.)  This seems to make sense if the nature of the property is such (under state law) that no judgment creditor would ever be permitted to reach it, regardless of value.  For example, where there is an unlimited homestead exemption under state non-bankruptcy law, no judgment creditor may complain of anything that a judgment debtor might do with the homestead.

In New York, however, the homestead exemption is limited in dollar amount.  For a long time it was $1500 of equity, then $2000 and then $10,000.  In August of 2005 it rose to $50,000, and in January of 2012 it rose to $75,000 as to this and other Upstate and Western New York counties.  (Higher downstate.)

When the dollar amount of a homestead exemption is thus limited, various factors may cause creditors to care very much about what a debtor does with an exempt homestead.  The equity might go up or down.  In the case at Bar, the state homestead exemption was $50,000 when the Debtor transferred half her solely-owned, unencumbered house to her husband.  That was in 2008, and the house is assumed to have been worth $50,000 at that time.  It is worth more than $50,000 today, and was worth more than $50,000 when this Chapter 13 petition was filed on April 23, 2012.  (It is yet unclear whether its value would be within what rose to a $75,000 exemption after the transfer but before the filing, if she still owned the home outright and had not ever transferred a half interest to her husband.)

So what the Debtor did with her homestead in 2008 is very much of concern to a certain judgment creditor and to the Chapter 13 Trustee, more than four years after the transfer. The creditor argues the precise language of Article 10 of the New York Debtor and Creditor Law toward the proposition that exempt property is implicated only in the fraudulent transfer provisions that deal with conveyances while insolvent or which result in insolvency. As to several of the fraudulent transfer provisions, solvency or insolvency is irrelevant. One of those is New York Debtor and Creditor Law § 273-a, which states that "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or [when] a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." For authority for the proposition that under that statute it is not necessary to establish that the transferor was insolvent or was rendered insolvent by the transfer, see *Republic Insurance Company v. Levy*, 329 N.Y.Supp. 2d 918.

Another is § 276 which states that "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Cases establishing the fact that solvency or insolvency is irrelevant under this statute include *Elliot v. Elliot*, 365 F.Supp. 450; *Pattison v. Pattison*, 301 N.Y. 65; and *In re Old CarCo LLC,* 435 B.R. 169 (Bankr. S.D.N.Y. 2010).

The basis of the creditor's argument is that exempt property is explicitly addressed in Article 10 of the N.Y. Debtor and Creditor Law, but only in a very narrow context. The first

paragraph of Debtor and Creditor Law § 270 states "In this article 'assets' of a debtor means property not exempt from liability for his debts.  To the extent that any property is liable for any debts of the debtor, such property shall be included in his assets."  Next, and very importantly, the second paragraph of § 270 states "'Conveyance' includes every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance."

 In other words, the first paragraph of § 270 states that exempt property is not an "asset," but the second paragraph defines "conveyance" to include a transfer of "property," not conveyance of an "asset."  It is in § 271 of the New York Debtor and Creditor Law that the distinction between those two terms becomes significant.  The first paragraph of § 271 states "A person is insolvent when the present fair salable value of his <u>assets</u> is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." [Emphasis added.]  So the distinction between "assets" and "property" is important in defining "insolvency."

 New York Debtor and Creditor Law §§ 273-a and 276 clearly hearken back to the days before the notion of a transfer that is merely "constructively fraudulent."  The "actual intent to hinder, delay, or defraud creditors" that is the subject of § 276 is not far removed from the type of transfer addressed in § 273-a - - a transfer by someone facing the possibility of imminent or eventual money judgment.  Both implicate the view that actual fraud ought not to be forgiven just because it turns out that the transferred property had little or no value that might affect a determination of solvency or insolvency.  (See *In re Davis,* 911 F.2d 560 (11th Cir. 1990); *In re*

*Adeeb*, 787 F.2d 1339 (9th Cir. 1986).)

The creditor's analysis of the statutes is cogent, but seems to be irreconcilable with legions of cases from <u>other</u> states. One commentator has stated that under the Uniform Fraudulent <u>Transfers</u> Act, "A transfer of exemptible property cannot be fraudulent." (Yankowitz, Dana, "I Could Have Exempted It Anyway: Can a Trustee Avoid a Debtor's Pre-petition Transfer of Exemptible Property.", Emery Bankruptcy Developments Journal, Fall 2006 (23 Emery Bankruptcy Developments Journal 217, at page 13.)

The disconnect between the creditor's argument and the many cases against it has caused the Court to look more deeply, and the Court discovers that in the late 1980s the "Uniform Fraudulent Transfers Act" was offered by a scholarly group to replace the "Uniform Fraudulent Conveyances Act" that was in use in most states. The great majority of states did substitute the UFTA for the UFCA, but New York did not. The difference is dispositive as to the question before the Court. The UFTA and UFCA agree that the value of exempt property is not to be considered in determining the transferor's solvency or insolvency.[3] The two statutes depart in the treatment of transfers that are made with "actual intent to hinder, delay, or defraud creditors." The question of solvency or insolvency is not relevant in that event under either Act, but closer analysis is important. Under the UFTA, a transfer made "with actual intent to hinder, delay or defraud any creditor of the debtor" can be set aside regardless of solvency or insolvency

---

[3] Consider, for example, a debtor who has an interest in a whole life insurance policy with a cash value of $200,000, and that value is exempt under New York Insurance Law § 3212. Excluding that value from the value of the debtor/transferor's "assets" means that the debtor/transferor and his or her transferee cannot defend the transfer by arguing that the debtor was "solvent" at the time of the transfer by virtue of that very large exempt asset.

(see § 4(a)(1) of the Uniform Fraudulent Transfers Act), but the operation of that provision is limited by the fact that the definition of the term "transfer" in that Act excludes transfers of "exempt" property. That is because § 1(12) of that Act defines "transfer" to mean "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an <u>asset</u> or an interest in an <u>asset</u>, and includes payment of money, release, lien and creation of a lien or other encumbrance." Importantly, §1(2) of that Act states that the term "asset" means property of a debtor "but . . . does not include . . . property to the extent it is generally exempt under non-bankruptcy law . . .". Thus, it is literally "true by definition" that under the Uniform Fraudulent Transfers Act, a transfer made with actual intent to hinder, delay, or defraud creditors is not avoidable if the subject of the transfer is the exempt property itself. This is not so under the Uniform Fraudulent Conveyances Act, which is the law here in New York.

Under the UFCA (New York Debtor and Creditor Law § 276), "Every <u>conveyance</u> made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." And the word "conveyance" is defined at New York Debtor and Creditor Law § 270 to include "every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance."

To put it simply, doing something with exempt property is not even a "transfer" under the UFTA, but it is a "conveyance" under the UFCA. And because "insolvency" is not relevant where there has been an actual intent to hinder, delay, or defraud creditors, the creditor

here is correct in its interpretation of the New York statutes.  (Actually the creditor is correct in

an even broader context than is argued, as described below.)

That the legislature knew about "exempt" property is clear because it addressed

such property in connection with the definition of "insolvency."  It did so in defining the term

"assets."  It did not use the word "assets" in defining the term "conveyance," and "Every

conveyance made and every obligation incurred with actual intent, as distinguished from intent

presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to

both present and future creditors."  The N.Y. legislature made a choice that a conveyance of

exempt property might be set aside as a "fraudulent conveyance."

The dispositive difference between the UFTA and the UFCA explains why so

many cases from so many other states seemed to contradict the creditor's argument here.  To the

best of the Court's knowledge, close to forty states have adopted the UFTA and only New York

and one or two other states retained the UFCA.  (The others might have rejected both of the

Uniform Acts.)  That the so-called weight of authority seems to be in the favor of the debtor and

her husband, is not surprising.  Those cases were governed by a very different statute.  It is

surprising that this matter has not previously been addressed either in the state or federal courts in

New York.  But one must remember that between 1977 and 2005 the homestead exemption was

$10,000 or less.  Maybe that was not worth litigating to the point of a published decision.  In

2005 the $10,000 homestead exemption was raised to $50,000 and has since been raised to

$75,000 ($150,000 for joint debtors, and even higher "downstate").  Perhaps it takes some years

for this type of issue to be raised through the courts once the dollars become significant.

The current posture of this Chapter 13 case is this. The Debtor has claimed a $75,000 exemption (and has stated the home's value to be $75,000) and has moved to set the judgment creditor's lien aside under § 522(f). The creditor has opposed, and also has objected to her Chapter 13 Plan. The Chapter 13 trustee has expressed his willingness to file an adversary proceeding to set aside the transfer from the debtor to her husband, and has objected to her Plan and her claim of a $75,000 homestead exemption. For now, then, confirmation of the Chapter 13 plan is denied without prejudice, as is the Debtor's motion to avoid the Creditor's judgment lien under § 522(f). The matter of the dollar amount of the Debtor's allowable homestead exemption is deferred for now.

This matter has already been scheduled to come back before the Court on **March 11, 2013 at 12:00 p.m. in Buffalo, New York**, and will be heard then for further scheduling.

For clarity, today's holdings will be restated. First, as illustrated in footnote 3 above, the exclusion of exempt property from "assets" works <u>against</u> the Debtor and her husband/transferee, not <u>for</u> them. (The fact that any debtor could make a voluntary choice to use exempt property to pay debts, which is to say to demonstrate "solvency," cannot be raised as a defense under either the UFTA or UFCA.) Consequently, all provisions of the UFCA are applicable, not just those that do not implicate solvency or insolvency.

Second, when the challenged transaction is <u>of the exempt property itself</u>, the UFTA and UFCA depart dispositively.[4] Under the UFTA it is not even a "transfer" that could be

---

[4]The UFTA is not internally inconsistent in this regard. If a debtor's transfer is of <u>non</u>-exempt property, then the fact that such debtor could be rendered "solvent" by choosing to use exempt property to pay debts, will not avail such debtor and her transferee. Transfer of the <u>exempt</u> property itself is the difference between the two acts.

called "fraudulent," but under the UFCA it is a "conveyance" that is subject to avoidance.

Third, there is nothing dispositive of this <u>case</u> in today's Decision.  Rather, this Decision disposes only of the Debtor's § 522(f) motion and the objections to the Debtor's Plan, and it does so "without prejudice."  Thus the hearing on **March 11, 2013 at 12:00 p.m.**  will address such questions as whether the Debtor and her husband/transferee might be granted immediate appeal if they wish that route,[5] and, in the alternative, an opportunity to propose a different approach to her Chapter 13 case.  To allay any fears, the time to appeal is hereby extended under Rule 8002, F.R.B.P.

SO ORDERED.

Dated:          Buffalo, New York
                February 25, 2013


                                                         s/Michael J. Kaplan
                                          _____
                                                            U.S.B.J.

---

[5]Although this is an interlocutory order, not subject to appeal as of right, this Court might agree that a "final judgment" should enter as to the issues addressed above, given the facts that (1) it turns out to be a novel issue of New York fraudulent transfer law that has de-railed the efforts of the Debtor and her husband here, and (2) at <u>least</u> $25,000 is at issue if they Debtor is to obtain relief under the Bankruptcy Code, without losing the marital home.  (Obviously it is the <u>District</u> Court that would decide the point at which its appellate jurisdiction actually attaches.)